IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51206
Summary Calendar
_____

LEONARDO R. CANTU,

Plaintiff-Appellant,

versus

SENIOR COMMUNITY SERVICES/SENIOR CENTERS; ROBERT SHOFFNER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-98-CV-40)

_____

July 16, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

This appeal arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Leonardo R. Cantu, a Hispanic, proceeds pro se. Cantu appeals the district court's grant of summary judgment in favor of Senior Community Services, Inc. ("SCS") on his hostile work environment, national origin discrimination, and unlawful retaliation claims. The district court granted summary judgment on Cantu's hostile work environment claim on the grounds that Cantu failed to include the claim in the his timely charge of discrimination filed with the Equal Employment

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Opportunity Commission ("EEOC"). Alternatively, the district court held that Cantu's proffered evidence of a hostile work environment was insufficient to rise to an actionable level of workplace discrimination. Next, the district court granted summary judgment on Cantu's national origin discrimination claim, on the grounds that Cantu failed to show that SCS's proffered rationale for promoting John Peterson, a black male, over him was a pretext for discrimination. Finally, in granting summary judgment on the unlawful retaliation claim, the district court ruled that Cantu failed to establish the requisite causal link between his protected activity (the filling of his EEOC compliant against SCS thirty-one months prior to his termination), and the adverse employment action suffered (SCS's decision to eliminate Cantu's social worker position in the 1995/1996 fiscal year). For the foregoing reasons, we affirm.

On appeal, Cantu argues that the district court erred in granting summary judgment on his national origin discrimination claim because he presented sufficient evidence that SCS's proffered explanation for promoting John Peterson to the position of program director for the Senior Center was a pretext for discrimination.[1]

---

[1]Cantu also seeks reversal of the district court's grant of summary judgment on his claim for hostile work environment. Even if we excuse Cantu's failure to file the claim with the EEOC, we still have no basis on which to rule in his favor. On appeal, Cantu has failed to provide any legal or factual analysis in support of his hostile work environment claim. Because Cantu failed to argue the hostile work environment claim in his brief, he has waived that claim on appeal. Jason D.W. v. Houston Indep. Sch.

.Cantu failed to provide any legal or factual analysis in support of his hostile work environment claim. We have previously held that a party's failure to brief a claim waives the claim on appeal. <u>Jason D.W. v. Houston Indep. Sch. Dist.</u>, 158 F.3d 205, 210 (5th Cir. 1998) (citations omitted).[2] Cantu argues that Robert Shoffner, SCS's executive director, relied solely upon subjective job criteria in promoting Peterson. In doing so, Cantu contends that Shoffner disregarded objective criteria, such as the minimum qualification requirements for the position, Cantu's superior work experience, his positive performance evaluations, and merit pay increases. Cantu further maintains that the jury reasonably could infer pretext from the fact that SCS interviewed and selected Peterson, an applicant who lacked the necessary qualifications for the job. Cantu next argues that his work experience and educational background exceeded the posted job qualifications for the position and that he was better qualified than Peterson. Finally, Cantu contends that Shoffner's proffered explanation as to

---

<u>Dist.</u>, 158 F.3d 205, 210 (5th Cir. 1998) (citations omitted); <u>Long</u>, 88 F.3d at 309 n.9.

Cantu's remaining argument on appeal is that the district court erred in granting summary judgment on his unlawful retaliation claim. In support of this argument, Cantu attempts to highlight what he perceives to be implausibilities in SCS's decision to eliminate his job position. In doing so, Cantu has offered no proof that "but for" the discrimination complaint he filed with the EEOC approximately two years earlier, SCS would not have made the decision to terminate his social worker position. Cantu's retaliation claim therefore fails as a matter of law. <u>Long v.Eastfield College</u>

, 88 F.3d 300, 308 (5th Cir. 1996) (citations omitted).

why he promoted Peterson is probative of discrimination because his statements explaining what criteria he considered in selecting Peterson were riddled with inconsistencies and omissions.

We review the district court's grant of summary judgment de novo. Walton v. Bisco Industries, 119 F.3d 368, 370 (5th Cir. 1997). In the context of summary judgment, a substantial conflict in evidence must exist to create a jury question on the issue of national origin discrimination. Rhodes v. Guiberson Oil Tools, 75 F.3d 989, 993 (5th Cir. 1996) (en banc) (citations omitted). Evidence is "substantial" if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Id.

Applying these standards, we find that Cantu has not met his Title VII evidentiary burden. In Walton v. Bisco, 119 F.3d at 370 (citations omitted), we explained that "a reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason" for the employer's actions. (Emphasis added.) Notwithstanding his proof of mendacity, Cantu has failed to allege facts, and, indeed, there exists no proof in the record that SCS's decision to promote Peterson was motivated by national origin discrimination. Absent this showing, there simply exists no basis on which to submit Cantu's Title VII claim to a jury. See Walton, 119 F.3d at 370 (citing St. Mary's Honor Ctr v. Hicks, 509 U.S. 502 514-15 (1993))("nothing in law would permit us to substitute for the

4

required finding that the employer's action was the product of unlawful discrimination, the much different (and much lesser) finding that the employer's explanation of its action was not believable").

Furthermore, even if reasonable jurors agree that Cantu was the best qualified candidate for the position of program director, without proof of SCS's discriminatory animus, Cantu still has not proved his case. See Deines v. Texas Dept. of Protective and Regulatory Services, 164 F.3d at 282 (5th Cir. 1999) (citing Hicks, 509 U.S. at 524) ("that the employer's proffered reason is unpersuasive, or even obviously contrived does not necessarily establish that the plaintiff's proffered reason of [discrimination] is correct").

Finally, although we have recognized the potential of subjective criteria to provide cover for unlawful discrimination, Lindsey v. Prive, Co., 987 F.2d 324, 328 (1993) (citations omitted), we have made clear that a promotional system based upon such unquantifiable considerations is not "discriminatory per se." Anderson v. Douglas & Lomason Co., Inc., 26 F.3d 1277, 1293 (5th Cir. 1994), cert. denied, 513 U.S. 1149 (1995). Thus, without proof showing that Shoffner's use of the subjective criteria was motivated by his purported animus against Cantu's Hispanic national origin, this evidence is not probative of intentional discrimination.

5

In sum, the district court did not err in granting summary judgment on Cantu's national origin discrimination claim. The judgment of the district court is therefore in all aspects

AFFIRMED.

6